[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14934
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60107-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELMER CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 13, 2014)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Elmer Castro appeals his 77-month prison sentence for illegal reentry to the United States.  He contends that the sentence is procedurally and substantively unreasonable.

I.

On August 2, 2013, Castro pleaded guilty to a one count indictment charging him with illegal reentry to the United States in violation of 8 U.S.C. § 1326(a). The presentence investigation report (PSR) recommended a total offense level of 21 and a criminal history category of VI, resulting in an advisory guidelines range of 77 to 96 months imprisonment.  The PSR noted that the statutory maximum penalty is 20 years.

Castro filed a motion for a downward variance from the guidelines range. He argued that such a variance was appropriate because his reentry was motivated by cultural ties to the United States and the desire to be with his five children, all of whom are United States citizens.  The government filed a response to the motion and argued that the 18 U.S.C. § 3553(a) factors weighed against a downward variance.

At sentencing Castro's counsel continued to argue for a variance, stating that a criminal history category of VI overrepresented the seriousness of Castro's prior criminal conduct and that illegal reentry was a "passive" offense motivated only by Castro's significant ties to the United States.   The government reiterated its

2

opposition to the motion and emphasized Castro's criminal history, which involves fifteen convictions, including two for burglary of a dwelling, four for possession of marijuana, and one for illegal reentry.  The government also noted that Castro has been arrested four times since his most recent illegal reentry, including once for domestic battery.

The district court denied Castro's motion for a downward variance, finding that it was "inappropriate in light of [his] criminal history category."  After stating that it had considered the statements of the parties, "the advisory guideline computation" contained in the PSR, and the § 3553(a) factors, the district court imposed a sentence at the low end of the guidelines range (77 months).

This is Castro's appeal.

## II.

Castro argues that his sentence is procedurally and substantively unreasonable because the district court presumed that a sentence within the guideline range was reasonable and then "weighed the § 3553(a) factors unreasonably."

"We review sentencing decisions only for abuse of discretion, and we use a two-step process."  United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).

> First, we review to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a

sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range."

Id. (quoting Gall v. United States, 228 U.S. 38, 51, 128 S.Ct. 586, 597 (2007)).

The second step is to determine whether the sentence is substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances. Gall, 552 U.S. at 51, 128 S.Ct. at 597. "[W]e are to vacate the sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (quoting United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

Castro's sentence of 77 months is both procedurally and substantively reasonable. Before imposing its sentence, the district court stated that it considered the statements of the parties, "the advisory guideline computation" contained in the PSR, and the § 3553(a) factors. It is clear from the record, in other words, that the district court did not presume that the guidelines range was reasonable; instead, the court considered Castro's arguments in support of a downward variance, treated the range as advisory, and weighed the § 3553(a) factors accordingly.

The district court was not required to engage in a lengthy discussion of each of the § 3553(a) factors. See United States v. Scott, 426 F.3d 1324, 1329 (11th

4

Cir. 2005) (stating that a district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."). The court was also not required, as Castro suggests, to discuss each and every mitigating circumstance mentioned in Castro's motion for a downward variance, including the representation that Castro's crime was motivated by cultural assimilation and the desire to care for his children. The court's statement that a downward variance was "inappropriate in light of [Castro's] criminal history category" was an adequate explanation of its decision.

Finally we note that Castro's sentence is at the low end of the advisory guidelines range and well below the statutory maximum of 20 years. Those are both indicators of reasonableness. See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("[W]e ordinarily expect a sentence within the Guidelines range to be reasonable.") (internal quotation marks and alterations omitted); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a sentence was reasonable in part because it was well below the statutory maximum).

**AFFIRMED.**